# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 16-478V
(Not to be Published)

```
* * * * * * * * * * * * * * * * * * * * * * * * * * * *
DEBORAH TEBAULT, on behalf of        *    Special Master Corcoran
her minor child, J.T.,               *
                                     *    Filed: October 27, 2016
                 Petitioner,         *
        v.                           *    Petitioner's Motion for a Decision;
                                     *    Dismissal of Petition; Vaccine
SECRETARY OF HEALTH                  *    Act; Denial Without Hearing.
AND HUMAN SERVICES,                  *
                                     *
                 Respondent.         *
                                     *
* * * * * * * * * * * * * * * * * * * * * * * * * * * *
```

*Andrew D. Downing*, Van Cott & Talamante, PLLC, Phoenix, AZ, for Petitioner.

*Sam Shirazi*, U.S. Dep't of Justice, Washington, D.C., for Respondent.

### DECISION DISMISSING CASE FOR INSUFFICIENT PROOF[1]

On April 15, 2016, Deborah Tebault filed a petition on behalf of her minor child, J.T., seeking compensation under the National Vaccine Injury Compensation Program.[2] The Petition alleged that the Diphtheria-Tetanus-acellular Pertussis ("DTaP") and Hepatitis A vaccines that J.T. received on April 19, 2013, precipitated an encephalopathy, causing him to experience language and other developmental impairments, as well as physical symptoms such as chronic constipation. *See* Petition ("Pet.") at 1-3.

---

[1] Because this decision contains a reasoned explanation for my actions in this case, I will post it on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id*.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

After Petitioner filed numerous medical records, but before she had filed her statement of completion, I set a status conference for June 9, 2016. At that time, I raised concerns about the case's overall viability, given the existence of numerous other decisions pursuing theories extremely similar to those proposed herein (and in particular, cases involving a claimed injury of autism after an encephalopathic event). I therefore ordered Petitioner to show cause why her claim should not be dismissed, inviting her to establish how her claim was factually and legally distinct from previously-dismissed claims. *See* Scheduling Order, dated June 10, 2016 (ECF No. 10).

Petitioner responded to my Order to Show Cause on August 3, 2016, disputing that J.T.'s injuries were autism-related, thereby distinguishing his circumstances from cases involving autism directly, while allowing for the possibility that an encephalopathy had precipitated his language deficiencies. ECF No. 12. Respondent reacted to the Order to Show Cause, as well as Petitioner's response, on September 1, 2016. ECF No. 13. Respondent asserted that J.T. had never been diagnosed with a seizure or encephalopathic reaction to his vaccinations, and that any number of causal factors might have contributed to his condition instead. *Id.* Petitioner then filed a supplemental response on September 14, 2016 (ECF No. 15), reiterating her earlier argument that J.T. suffered developmental regression, not autism, and that other possible causes offered in the medical history were not persuasive.

On October 25, 2016, I held an additional status conference to discuss my views on the case in light of the parties' filings and my more comprehensive reading of the relevant medical records. I noted that Petitioner had not shown sufficient grounds for proceeding with this case, as she made no arguments to distinguish this case from the many similar claims that have failed to establish entitlement. *See* Scheduling Order (ECF No. 17). Further, the record did not support her assertion that J.T. experienced any type of encephalopathic reaction to the vaccines he received, or that the developmental regression was more than temporally related to those vaccines.

Petitioner subsequently filed a motion on October 26, 2016, requesting a decision dismissing her claim (ECF No. 18). In it, Petitioner stated that she does not believe she will be able to prevail and meet her burden of proof under these circumstances, and that to proceed would be a waste of the Court's resources. *Id*. Petitioner also stated her understanding that the requested decision will end all of her rights in the Vaccine Program. *Id*. Ms. Tebault, on behalf of J.T., further noted her intent to protect her right to file a civil action in the future, and pursuant to 42 U.S.C. § 300aa-21(a)(2), will elect to reject the Vaccine Program judgment and file a civil action. *Id*. at 1-2. Respondent does not object.

To receive compensation under the Vaccine Program, a petitioner must prove either (1) that she suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of her vaccinations, or (2) that she suffered an injury that was actually caused by a vaccine. *See* Sections 13(a)(1)(A) and 11(c)(1). An examination of the record, however, does

not uncover any evidence that J.T. suffered a "Table Injury." Further, the record does not contain a treating doctor's diagnosis of a vaccine-induced encephalopathy, or any other persuasive evidence indicating that the alleged injury that J.T. experienced could have been caused or significantly aggravated by the vaccines that he received on April 19, 2013.

Under the Vaccine Act, a petitioner may not receive a Vaccine Program award based solely on her claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. Section 13(a)(1). In this case, there is insufficient evidence in the record for Petitioner to meet her burden of proof. Petitioner's claim therefore cannot succeed and must be dismissed. Section 11(c)(1)(A).

**Thus, this case is dismissed for insufficient proof. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master